IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Josephine Kikimen,<br>        Plaintiff,<br><br>  v.<br><br>Atlanticare Regional Medical Center, Inc., et al.,<br>        Defendants. | Civil Action<br>No. 1:16-cv-08382(JBS/AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, District Judge:**

    This matter comes before the Court on Plaintiff Josephine Kikimen's (hereinafter "Plaintiff") unopposed motion to remand this action to the Superior Court of New Jersey, Atlantic County. [Docket Item 9.] For the reasons that follow, the Court grants Plaintiff's motion to remand. The Court finds as follows:

    1.  On October 3, 2016, Plaintiff filed a complaint in Atlantic County Superior Court against Atlanticare Regional Medical Center, Inc. (hereinafter "Defendant") alleging that she was wrongfully terminated by the Defendant after working for the Defendant for thirty-seven years as a Registered Nurse and Clinical Documentation Analyst. Plaintiff's Complaint seeks relief in the form of monetary damages under several causes of action, including state-law causes of action (Counts One through Four) and federal causes of action (Count Three).

    2.  On November 9, 2016, Defendant removed this action from the Atlantic County Superior Court to this Court pursuant

to 28 U.S.C. §§ 1331 and 1446 because the Complaint alleged a violation of a federal statute, namely, the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). [Docket Item 1.]

3. On November 10, 2016, Plaintiff filed a notice to amend the complaint and remand to state court. [Docket Item 4.]

4. On November 14, 2016, Plaintiff filed a motion to amend her complaint to remove all federal claims, including the alleged FLSA violations. Count 3, which had contained all federal claims in this action, now consists of only state-law based wage and hour violation claims. [Docket Item 5.]

5. In the instant motion, Plaintiff argues that remand is appropriate on the grounds that the Court lacks subject matter jurisdiction once the federal claims have been removed. [Docket Item 9.] The Plaintiff's motion is unopposed.

6. The Court therefore recognizes that there are no federal claims pending in this action. For this reason, the exercise of federal jurisdiction pursuant to 28 U.S.C. § 1331 is no longer appropriate. See Shaffer v. Bd. of Sch. Dirs. of Albert Gallatin Area Sch. Dist., 730 F.2d 910, 912 (3d Cir. 1984) (holding that "pendent jurisdiction should be declined where the federal claims are no longer viable, absent extraordinary circumstances"). Further, there is no jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332, since Plaintiff and Defendant are both citizens of New Jersey.

7.      Plaintiff moves, on this basis, to remand the action to Atlantic County Superior Court. The Court previously exercised supplemental jurisdiction over Plaintiff's pendent state-law claims pursuant to 28 U.S.C. § 1367(a). Pursuant to 28 U.S.C. § 1367(c), the Court has discretion to decline jurisdiction over remaining claims after all federal claims have been deleted from the action. The Third Circuit has held that where the federal claims that gave the basis for original jurisdiction are dismissed a "district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so". Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (quoting Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995)). As Plaintiff's claims over which the court had original jurisdiction have all been dismissed, as there is no apparent justification for retaining jurisdiction, and as Plaintiff's motion to remand is unopposed by the removing party, the Court will grant Plaintiff's motion to remand.

8.      Plaintiff's motion to remand is granted. The accompanying Order will be entered.

**June 19, 2017**                                      **s/ Jerome B. Simandle**
Date                                                   JEROME B. SIMANDLE
                                                       U.S. District Judge